UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GUNNAR JORDAN TAYLOR                                        CIVIL ACTION

VERSUS                                                      NUMBER: 20-1943

JERRY LARPENTER, <u>ET</u> <u>AL</u>.                          SECTION: "H"(5)

### REPORT AND RECOMMENDATION

This 42 U.S.C. §1983 proceeding was filed *in forma pauperis* by *pro se* Plaintiff, Gunnar Jordan Taylor, against Defendants, Sheriff Jerry Larpenter, Richard Petie Neal, Warden Stephen Bergeron, T. Schwausch, the Terrebonne Parish Criminal Justice Complex ("TPCJC"), and the Terrebonne Parish Sheriff's Office. (Rec. doc. 4). Plaintiff, an inmate of TPCJC at the time that suit was filed, complained of the efficacy of the measures in place at that facility to address the ongoing COVID-19 pandemic. (Rec. doc. 4-1, p. 5).

As noted above, Plaintiff was permitted to initiate this action without prepayment of filing fees as allowed by 28 U.S.C. §1915. (Rec. doc. 6). A copy of the Court's order granting Plaintiff leave to so proceed was mailed to him at TPCJC but was subsequently returned to the Court as undeliverable on August 17, 2020 with a notation that he had been released from that facility on July 21, 2020. (Rec. doc. 11). Two additional pieces of Court-generated mail that were sent to Plaintiff at TPCJC have also been returned as undeliverable as he has been released and is no longer housed there. (Rec. docs. 14, 15). It has now been over 35 days since the first of those undeliverable pieces was returned to the Court and no address correction has been made by Plaintiff.

Local Rule 11.1 provides, in pertinent part, that "[e]ach attorney and pro se litigant has a continuing obligation to promptly notify the court of any address ... change." The

practical considerations that the Local Rule was intended to address were touched upon by the Fifth Circuit years ago, as follows:

> "It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the court of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing."
>
> *State v. Shannon*, No. 87-CV-3951, 1988 WL 54768 at *1 (E.D. La. May 23, 1988) (quoting *Perkins v. King*, No. 84-3310, slip. op. at *4 (5th Cir. May 19, 1985)).

Simply put, Local Rule 11.1 imposes an affirmative obligation on parties like Taylor to keep the Court apprised of their current mailing addresses and relieves court personnel of that burden. [1]/  See *Lewis v. Hardy*, 248 Fed.Appx. 589, 593 n. 1 (5th Cir. 2007), *cert. denied*, 552 U.S. 1246, 128 S.Ct. 1479 (2008); *St. Juniors v. Burgess*, No. 15-CV-0350, 2016 WL 4368230 (E.D. La. Aug. 16, 2016); *Thomas v. Parker*, No. 07-CV-9450, 2008 WL 782547 (E.D. La. Mar. 19, 2008); *Batiste v. Gusman*, No. 07-CV-1136, 2007 WL 1852026 (E.D. La. June 26, 2007). Local Rule 41.3.1 further provides that "[t]he failure of a[] ... pro se litigant to notify the court of a current postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return." Finally, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed based on the failure of a plaintiff to prosecute his case or to comply with a court order.

---

[1]/ While the vast amount of court-generated information is transmitted to litigants electronically via the CM/ECF system, communications with *pro se* plaintiffs are still conducted primarily by mail.

*Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *Lopez v. Aransas County Independent School District*, 570 F.2d 541 (5th Cir. 1978).

As noted above, Plaintiff has failed to keep the Court apprised of a current mailing address as required by Local Rule 11.1.  Plaintiff acknowledged his obligation in that regard when he signed his complaint, the sixth page of which contains a declaration, sworn to by him under penalty of perjury in substantial conformity with 28 U.S.C. §1746, that "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and [the] failure to do so may result in this action being dismissed with prejudice."  (Rec. doc. 4-1, p. 6).  Plaintiff's inaction in this regard has deprived the Court of the ability to communicate with him and, consequently, to advance his case on the docket.  As Taylor is proceeding *pro se* in this matter, this failure is attributable to him alone.  Accordingly, it will be recommended that Plaintiff's lawsuit be dismissed for failure to prosecute pursuant to Rule 41(b), Fed. R. Civ. P., and Local Rule 41.3.1.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that Plaintiff's lawsuit be dismissed for failure to prosecute pursuant to Rule 41(b), Fed. R. Civ. P., and Local Rule 41.3.1.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that

such consequences will result from a failure to object. *Douglass v. United States Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(en banc).[2]

New Orleans, Louisiana, this  22nd  day of  September , 2020.

MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

---

[2] *Douglass* referenced the previously-applicable 10-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to 14 days.

4